**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Pamela E. Prescott, Esq. (328243)
pamela@kazlg.com
Ashley LaPointe, Esq. (365017)
ashley@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Amber Stone

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**AMBER STONE, individually and on behalf of all others similarly situated,**

**Plaintiff,**

**v.**

**SUNRUN, INC.,**

**Defendant.**

Case No.:

**CLASS ACTION**

**COMPLAINT FOR DAMAGES FOR VIOLATION OF:**

1. **THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.***

**JURY TRIAL DEMANDED**

KAZEROUNI LAW GROUP, APC

## INTRODUCTION

1. Plaintiff AMBER STONE ("Ms. Stone" or "Plaintiff"), individually and on behalf of the proposed Class defined below, brings this class action lawsuit challenging the unlawful actions of SUNRUN, INC., ("Sunrun or "Defendant"). Defendant negligently, knowingly and/or willfully placed unsolicited telephone calls to Plaintiff and the putative class on their respective cellular phones which are registered with the National Do-Not Call Registry ('DNC"), all in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*., ("TCPA"), thereby invading the privacy of Plaintiff and the putative class members.

2. Plaintiff seeks injunctive and monetary relief for all persons injured by Defendant's unlawful conduct.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. Defendant placed numerous unsolicited telephone calls to Plaintiff's cellular telephone for the purpose of soliciting business from Plaintiff without Plaintiff's prior express consent, in violation of the TCPA, 47 U.S.C. § 227.

5. The TCPA was enacted to protect consumers from unsolicited and unwanted telephone calls exactly like those alleged in this case.

6. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

## NATURE OF THE ACTION

7. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In doing so, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy…." Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243 § 2(5) (1991) (codified at 47 U.S.C. §

227).

8. The TCPA was designed to prevent calls and messages like the one described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

9. Specifically, the TCPA restricts telephone solicitations (*i.e.,* telemarketing), as well as violations of the TCPA's National Do-Not-Call provision of 47 C.F.R. § 64.1200(c).[1]

10. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102-243, § 11. Toward this end, Congress found that:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12

11. The Federal Trade Commission ("FCC") is charged with the authority to issue regulations implementing the TCPA. According to findings by the FCC, automated calls and text messages are prohibited under the TCPA because receiving them is a greater invasion of privacy and nuisance compared to live solicitation calls. The FCC has also acknowledged that wireless customers are charged for any

---

[1] According to the Federal Communications Commission's website, https://www.fcc.gov/consumers/guides/wireless-phones-and-national-do-not-call-list, Placing telemarketing calls to wireless phones is - and always has been - illegal in most cases.



KAZEROUNI LAW GROUP, APC

incoming calls and text messages.

12. In 2015, the FCC noted, "[m]onth after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the Commission." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 1 (2015).

13. With respect to misdialed or wrong-number calls, the FCC recently clarified that "callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, FCC 15–72, 30 F.C.C.R. 7961, ¶¶ 71-72 (July 10, 2015). "If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such." *Id.* Thus, any second call placed to a wrong number violates the TCPA.

14. The TCPA provides for damages in the amount of $500 for each negligent violation and treble damages of $1,500 for each knowing or willful violation. *See* 47 U.S.C. § 227(c)(5).

15. The transmission of an unsolicited calls and voice messages to a cellular device is distracting and aggravating to the recipient and intrudes upon the recipient's seclusion.

**JURISDICTION AND VENUE**

16. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this case arises out of violation of federal law. 47 U.S.C § 227(c).

17. Personal jurisdiction and venue are proper in this District pursuant to 28 U.S.C. § 1391 because Defendant maintains its principal place of business and headquarters in San Francisco, California and is a resident of the State of California



KAZEROUNI LAW GROUP, APC

and within this District, such that it is subject to personal jurisdiction in this District. Defendant also conducts business within this District.

## INTRADISTRICT ASSIGNMENT

18. Because Defendant has its headquarters in San Francisco, under Local Rule 3-2(d), the proper venue for this case is the San Francisco Division of the United States District Court for the Northern District of California.

## PARTIES

19. Plaintiff is an individual residing in the County of Montgomery, State of Texas, and is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

20. Defendant, is, and at all times mentioned herein was, a corporation organized under the laws of the State of Delaware, with a principal place of business or headquarters located in in San Francisco, California. Upon information and belief, Defendant maintains a principal place of business located at 600 California Street, Suite 1800, San Francisco, CA 94108.

21. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California, and within this judicial district. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

22. Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.



KAZEROUNI LAW GROUP, APC

KAZEROUNI LAW GROUP, APC

## FACTUAL ALLEGATIONS

23. At all times relevant, Plaintiff is an individual residing within the State of Texas. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California.

24. In Defendant's overzealous attempt to market its products, Defendant willfully or knowingly sent (a) unsolicited and automated telemarketing text messages without the prior express written consent of the recipients and (b) unsolicited automated telemarketing text messages to persons who have registered their cellular telephone number on the DNC.

25. Upon information and belief, Defendant is a residential solar energy company engaged in the design, installation, and financing of solar energy systems.

26. Through this conduct, Defendant has invaded the privacy of Plaintiff and the members of the Class by sending unwanted marketing text messags.

27. At all relevant times, Plaintiff was assigned, and was the sole user of, a cellular telephone number of ending in 3720 ("Cell Phone"). Plaintiff is the sole user and/or subscriber of her Cell Phone. [2]

28. Plaintiff's Cell Phone was registered on the National Do Not Call Registry since on or about July 31, 2019.

29. In or around November 2025, Defendant began placing repeated telephone calls to Plaintiff's Cell Phone.

30. Plaintiff did not inquire about Defendant's services and did not provide prior express consent to be contacted by Defendant.

31. Indeed, on or about November 20, 2025, at approximately 9:09 a.m. Defendant placed a soliciting telephone call to Plaintiff on her Cell Phone from the

---

[2] According to the Federal Communications Commission's website, https://www.fcc.gov/consumers/guides/wireless-phones-and-national-do-not-call-list, accessed on June 3, 2021: Placing telemarketing calls to wireless phones is - and always has been - illegal in most cases.

number (386) 434-3080. The incoming caller identification displayed, "SunRun, Inc."

32. Later that same day, Defendant placed four additional soliciting telephone calls from the same phone number at approximately 11:43 a.m., 1:58 p.m., 4:14 p.m., and 6:29 p.m. to Plaintiff on her Cell Phone.

33. Upon information and belief, the telephone number (386) 434-3080 is maintained by and associated with Defendant.

34. Plaintiff has no prior relationship with Defendant and did not seek or request information regarding solar energy products or services at any time.

35. The following day, on November 21, 2025, at approximately 8:57 a.m., Defendant placed another call to Plaintiff on her Cell Phone from the telephone number (386) 434-3080.

36. That same day, Defendant again placed four additional phone calls from the same number, at approximately 11:29 a.m., 2:03 p.m., 4:18 p.m., and 6:43 p.m.

37. On or about November 22, 2025, Defendant placed two additional telephone calls from the same number, at approximately 9:28 a.m. and 12:08 p.m.

38. Upon information and belief, the above-described calls were placed for the purposes of promoting Defendant's solar energy products and services, as reflected by the repeated call pattern, Defendant's caller identification, and the nature of Defendant's business.

39. Plaintiff had not sought or requested information regarding Defendant's solar energy products or services and had not provided prior express consent to be contacted by Defendant.

40. The numerous unwanted calls from Defendant invaded Plaintiff's privacy. Defendant's calls forced Plaintiff to live without the utility of Plaintiff's Cell Phone by forcing her to silence her Cell Phone and/or block incoming calls.

41. Defendant's conduct is not isolated or inadvertent. Upon information and belief, Defendant has previously been the subject of class action litigation and



KAZEROUNI LAW GROUP, APC

settlements arising from substantially similar unlawful conduct, placing Defendant on notice of its legal obligations and the recurring nature of these violations.[3]

42. At no point did Plaintiff provide prior express consent for any of the telephone calls that Defendant placed to Plaintiff's Cell Phone.

43. Such telephone calls constitute telephone solicitations pursuant to 47 C.F.R. § 64.1200(c), as they were an attempt to promote or sell Defendant's services.

44. Plaintiff's Cell Phone number was registered on the DNC since July 31, 2019.

45. Plaintiff is informed and believes and here upon alleges, that these calls were made by Defendant or Defendant's agent, with Defendant's permission, knowledge, control and for Defendant's benefit.

46. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

47. Defendant's calls invaded the privacy of Plaintiff and other similarly situated Class members and forced them to live without the full utility of their cellular phones by occupying their telephone with one or more unwanted calls, causing nuisance and lost time.

48. The telephone number Defendant or its agent called was assigned to a cellular telephone service for which Plaintiff incurs a charge for a cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

49. The calls to Plaintiff were not for emergency purposes as defined by 47 U.S.C. § 227(b) (1)(A).

50. Plaintiff received numerous telephone calls from Defendant more than

[3] Including but not limited to, *Lynn Slovin, et al. v. Sunrun Inc., et al.*, Case No. 4:15-cv-05340, in the U.S. District Court for the Northern District of California; *Jeremy Luckau v. Sunrun In.,* No. 4:25-cv-01661-JST, in the U.S. District Court for the Northern District of California; and *William Loftus, et al v. Sunrun Inc.,* Case No. 3:19-cv-01608, in the U.S. District Court for the Northern District of California.



KAZEROUNI LAW GROUP, APC

31 days after her Cell Phone registration on the DNC and within the four-year period prior to the filing of the Complaint.

51. Plaintiff did not have an established business relationship with Defendant during the time of the telephone calls from Defendant.

52. Plaintiff did not have a personal relationship with Defendant at any point in time.

53. Plaintiff did not give Defendant prior express invitation or consent in writing for Defendant to place calls to Plaintiff's Cell Phone for any purpose.

54. Upon information and belief, Defendant placed substantially similar, if not identical, unsolicited telephone calls *en masse* to Plaintiff and thousands of other consumers.

55. Upon information and belief, Defendant did not make the telephone calls in error.

56. Defendant's calls to Plaintiff's Cell Phone number were unsolicited and were made without Plaintiff's consent while Plaintiff's Cell Phone was registered on the DNC in violation of 47 U.S.C. § 227(c).

57. Receiving Defendant's unauthorized telephone calls drained Plaintiff's cellular phone battery and caused Plaintiff additional electricity expenses and wear and tear on her cell phone and battery.

58. Through this conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

59. Plaintiff loss productive time fielding all these unwanted calls that Defendant and/or their agents continued to place unsolicited and unauthorized telephone calls to Plaintiff's Cell Phone.

60. Defendant's telephonic communications forced Plaintiff to be deprived of the privacy and utility of her cellular phone by forcing Plaintiff to ignore or reject Defendant's disruptive messages, dismiss alerts, and/or silence her cellular phone as

a result of Defendant's incessant telephone calls.

61. The TCPA was intended to give individuals control over how and where they receive telephonic communications. When Defendant placed the phone calls to Plaintiff without her consent, Defendant failed to address or respect the limitations imposed by the TCPA. In doing so, Defendant invaded Plaintiff's privacy and violated the spirit and intent behind the TCPA.

62. Defendant's violations caused Plaintiffs to suffer real and concrete harm in the form of intrusion and distraction, wasted time, wasted cellular phone battery, loss of cellular phone use, and natural and foreseeable stress and frustration in connection with the foregoing, all of which the TCPA was designed to prevent.

63. Through the aforementioned conduct, Defendant each repeatedly violated the TCPA, 47 U.S.C. §§ 227, et seq., numerous times.

## CLASS ACTION ALLEGATIONS

64. Plaintiff brings this action on behalf of Plaintiff and all others similarly situated.

65. Plaintiff represents, and is a member of, the Class, pursuant to Fed. R. Civ. P. 23(b)(3) and/or (b)(2), which is defined as follows:

> All persons within the United States (1) registered on the National Do-Not-Call Registry for at least 31 days, (2) who received more than one telephone solicitation (3) made by or on behalf of Defendant, (4) for the purpose of promoting Defendant's goods or services, (5) within any twelve-month period, (6) within the four years prior to the filing of the Complaint.

66. Excluded from the Class are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and their legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein.



KAZEROUNI LAW GROUP, APC

67. Plaintiff reserves the right to redefine the Class, and to add and redefine any additional subclass as appropriate based on discovery and specific theories of liability.

68. The Class that Plaintiff seeks to represent contains numerous members and is ascertainable including, without limitation, by using Defendant's records to determine the size of the Class and to determine the identities of individual Class members.

**Numerosity**

69. Upon information and belief, the members of the Class are so numerous that joinder of all of them is impracticable. The exact number of the members of the Class is unknown to Plaintiff at this time, and can (and will) be determined through appropriate discovery. However, given that, on information and belief, Defendant texted thousands of Class members nationwide during the Class Period, it is reasonable to presume that the members of the Class are so numerous that joinder of all members is impracticable. The disposition of the claims in a class action will provide substantial benefits to the parties and the Court.

**Commonality**

70. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. Those common questions of law and fact include, without limitation, the following:

a) What is Defendant's conduct, pattern, and practice as it pertains to delivering advertisement and telemarketing text messages;

b) Whether, within the four years prior to the filing of this Complaint, Defendant or its agents sent more than one text message to the members of the Class whose telephone numbers were on the DNC;

c) Whether Defendant obtained prior express written consent to send text messages solicitation to Plaintiff or the Class members' telephones;

d) Whether Defendant's conduct violated the TCPA;

e) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

f) Whether Defendant should be enjoined from engaging in such conduct in the future.

**Typicality**

71. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class member with whom they are similarly situated, and Plaintiff's claims (or defenses, if any) are typical of all members of the Class, as demonstrated herein.

72. Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff has had to suffer the burden and invasion of privacy of receiving unsolicited text messages to her cellular telephone from Defendant while her number was registered on the National Do Not Call Registry. Thus, her injuries are typical to Class Members. Consequently, the claims of Plaintiff are typical of the claims of Class members and Plaintiff's interests are consistent with and not antagonistic to those of the other members of the Class that Plaintiff seeks to represent.

73. Plaintiff and all members of the Class have been impacted by, and face continuing harm arising out of, Defendant's violations or misconduct as alleged herein.

**Adequacy**

74. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each member of the Class with whom Plaintiff is similarly situated, as demonstrated herein. Plaintiff acknowledges that Plaintiff has an obligation to make known to the Court any relationship, conflicts, or differences with any members of



KAZEROUNI LAW GROUP, APC

the Class. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.

75. In addition, the proposed class counsel is experienced in handling claims involving consumer actions and violations of Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each member of the Class. Neither Plaintiff nor Plaintiff's counsel have any interests adverse to those of the other members of the Class.

**Predominance**

76. Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members of the class. The elements of the legal claims brought by Plaintiff and members of the Class are capable of proof at trial through evidence that is common to the class rather than individual to its members.

**Superiority**

77. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all members of the Class is impracticable and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Even if every individual member of the Class could afford individual litigation, the court system could not. It would be unduly burdensome to the courts if individual litigation of the numerous cases were to be required.

78. Individualized litigation also would present the potential for varying, inconsistent, or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, conducting this action as a class action will present fewer management difficulties, conserve the resources of the parties and the court system,



KAZEROUNI LAW GROUP, APC

and protect the rights of each member of the Class. Further, it will prevent the very real harm that would be suffered by numerous members of the Class who will be unable to enforce individual claims of this size on their own, and by Defendant's competitors, who will be placed at a competitive disadvantage because they chose to obey the law. Plaintiff anticipates no difficulty in the management of this case as a class action.

79. The prosecution of separate actions by individual members of the Class may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members not parties to those adjudications, or that would otherwise substantially impair or impede the ability of those non-party members of the Class to protect their interests.

80. The prosecution of individual actions by members of the Class would establish inconsistent standards of conduct for Defendant.

81. Defendant has acted or refused to act in ways generally applicable to the Class, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to members of the Class as a whole. Likewise, Defendant's conduct as described above is unlawful, is capable of repetition, and will continue unless restrained and enjoined by the Court.

82. The Class may also be certified because:

(a) the prosecution of separate actions by individual members would create a risk of inconsistent or varying adjudication with respect to individual members, which would establish incompatible standards of conduct for Defendant;

(b) the prosecution of separate actions by individual members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Class not parties to the adjudications, or substantially impair or impede their ability to protect their interests;



KAZEROUNI LAW GROUP, APC

and,

(c) Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

83. This suit seeks only damages and injunctive relief for recovery of statutory damages on behalf of Classes and it expressly is not intended to request any recovery for personal injury and claims related thereto.

## First Cause of Action

### Negligent Violations of the TCPA
### 47 U.S.C. §§ 227, *et seq.*
### On Behalf of the Classes

84. Plaintiff repeats and incorporates by reference the allegations set forth above as though fully stated herein.

85. The forgoing acts and omissions of Defendant, including Defendant's repeated calls to cellular phones which are registered with the National Do-Not Call Registry, constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, *et seq*.

86. As a result of Defendant's negligent violations of 47 U.S.C. § 227, Plaintiff and all members of the Class are entitled to, and do seek, injunctive relief prohibiting such conduct violating the TCPA in the future.

87. As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, et seq., Plaintiff and all members of the Class are also entitled to, and seek, an award of $500.00 statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(C).



KAZEROUNI LAW GROUP, APC

## SECOND CAUSE OF ACTION

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
## 47 U.S.C. §§ 227, *ET SEQ.*
## ON BEHALF OF THE CLASSES

88. Plaintiff repeats and incorporates by reference the allegations set forth above as though fully stated herein.

89. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, *et seq*.

90. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq*., Plaintiff and all members of the Class are entitled to, and do seek, injunctive relief prohibiting such conduct violating the TCPA in the future.

91. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq*., Plaintiff and all members of the Class are also entitled to, and do seek, an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and members of the Classes, prays for the following relief:

- That this action be certified as a Class Action, establishing the Class, Sub-Class and any appropriate sub-class(es) that the Court may deem appropriate;
- Appointing Plaintiff as the representative of the Class and Sub-Class;
- Appointing the law firms representing Plaintiff as Class Counsel;
- Pre-judgment and post-judgment interest;
- Costs of suit;



KAZEROUNI LAW GROUP, APC

- An award of reasonable attorneys' fees and costs to Plaintiff and the Class, pursuant to the common fund doctrine and, *inter alia,* California Code of Civil Procedure § 1021.5.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TCPA
## 47 U.S.C. §§ 227, *ET SEQ.*

- An award of $500.00 in statutory damages to Plaintiff and each member of the Class for each and every negligent violation of 47 U.S.C. § 227(c) by Defendant, pursuant to 47 U.S.C. § 227(c)(5)(B);
- An order providing injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(c)(5)(A);
- Any other further relief that the court may deem just and proper.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
## 47 U.S.C. §§ 227, *ET SEQ.*

- An award of $1,500.00 in statutory damages to Plaintiff and each member of the Class for each and every knowing and/or willful violation of 47 U.S.C. § 227(c) by Defendant, pursuant to 47 U.S.C. § 227(c)(5)(C);
- An order providing injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(c)(5)(A)
- Any other further relief that the court may deem just and proper.

## JURY DEMAND

92. Plaintiff is entitled to, and demands, a trial by jury on all issues so triable.

Dated: June 12, 2026

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: s/ PAMELA E. PRESCOTT
ABBAS KAZEROUNIAN, ESQ.
PAMELA E. PRESCOTT, ESQ.

ASHLEY LAPOINTE, ESQ.
ATTORNEYS FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC